IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| K.B., | : | |
|         Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 5:21-cv-04292-JMG |
| | : | |
| CONRAD WEISER AREA SCHOOL DISTRICT, | : | |
| *et al.*, | : | |
|         Defendant. | : | |

**MEMORANDUM OPINION**

**GALLAGHER, J.**                                                                                   **January 24, 2022**

       Plaintiff K.B. alleges that she was sexually abused while she was a middle school student within the Conrad Weiser Area School District ("CWSD"). She brings this action against her alleged attacker, for the assault, and against CWSD, for not protecting her. *See* Compl., ECF No. 1. K.B. now moves for permission to continue litigating this matter under a pseudonym. *See* Mot., ECF No. 19. CWSD opposes the motion. *See* Opp'n, ECF No. 20. For the following reasons, the Court grants K.B.'s motion.

**I.      LEGAL STANDARD**

       Federal Rule of Civil Procedure 10(a) requires parties to identify themselves in their pleadings. *Doe v. Megless*, 654 F.3d 404, 408 (3d Cir. 2011) (citing FED. R. CIV. P. 10(a)). "Courts have explained that [Rule 10(a)] illustrates 'the principle that judicial proceedings, civil as well as criminal, are to be conducted in public.'" *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Part of the public nature of judicial proceedings is the identification of the parties. *See id.* ("Identifying the parties to the proceeding is an important dimension of publicness." (quoting *Blue Cross*, 112 F.3d at 872)). Therefore, a litigant's "use of

a pseudonym 'runs afoul of the public's common law right of access to judicial proceedings.'" *Id.* (quoting *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000)).

Despite Rule 10(a)'s identification requirement, courts may permit litigants to proceed anonymously "in exceptional cases." *See id.*; *see also Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008). The litigant must demonstrate that they have "a reasonable fear of severe harm that outweighs the public's interest in open judicial proceedings." *Megless*, 654 F.3d at 408.

To that end, the Third Circuit has provided a set of non-exhaustive factors to consider when balancing these competing interests. *Id.* at 409. The factors that favor a litigant's request to proceed anonymously are:

> (1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives.

*Id.* (quoting *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 467–68 (E.D. Pa. 1997)). The factors that weigh against a litigant's request for anonymity include:

> [7] the universal level of public interest in access to the identities of litigants; [8] whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and [9] whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

*Id.* (quoting *Provident Life*, 176 F.R.D. at 467–68). Considering the public's interest in open court proceedings, courts have found that there is "an independent duty to determine whether

2

exceptional circumstances warrant a departure from the normal method of proceeding in federal litigation." *Freedom from Religion Found., Inc. v. New Kensington-Arnold Sch. Dist.*, No. 2:12-cv-1319, 2012 WL 6629643, at *3 (W.D. Pa. Dec. 19, 2012) (internal quotation marks and citation omitted); *see also Doe v. Cnty. of Lehigh*, No. 5:20-cv-03089, 2020 WL 7319544, at *3 (E.D. Pa. Dec. 11, 2020).

## II.   DISCUSSION

After careful review, the Court finds that the *Megless* factors weigh in favor of allowing K.B. to litigate this case under a pseudonym. Of those nine non-exhaustive factors, four support K.B.'s request, while the remaining factors do not otherwise tip the scale against the request. The Court addresses the *Megless* factors seriatim.

### i.   Confidentiality of K.B.'s Identity (Factor 1)

This factor is, at best, equivocal. At worst, it weighs against K.B.'s request. While K.B. has taken *some* steps to keep her identity confidential since filing her suit, *see* Mot. 8 n.3, two paragraphs of the Complaint reveal her last name. *See* Compl. ¶¶ 64–65. Further, it appears that K.B.'s relationship with her alleged attacker was "common knowledge" and an "open secret" among her peers. *See id.* ¶¶ 61, 80. Accordingly, the Court cannot conclude that K.B. has undertaken the sort of "substantial efforts to maintain anonymity" that would otherwise support her request. *Doe v. Rider Univ.*, No. 16-4882, 2018 WL 3756950, at *3 (D.N.J. Aug. 7, 2018).

### ii.   K.B.'s Basis for the Request (Factor 2)

This factor weighs in favor of K.B.'s request to proceed anonymously. "That a plaintiff may suffer embarrassment or economic harm is not enough." *Megless*, 654 F.3d at 408 (citation omitted). Rather, for this factor to support anonymity, "a plaintiff must show both (1) a fear of severe harm, and (2) that the fear of severe harm is reasonable." *Id.* (internal quotation marks and

citation omitted).

"Courts have come to different conclusions on where the mental and emotional harm faced by alleged victims of sexual assault . . . falls on this spectrum of harm." *Doe v. Rutgers*, No. 2:18-cv-12952, 2019 WL 1967021, at *3 (D.N.J. Apr. 30, 2019). For example, in *Doe v. Evans*, the court allowed the plaintiff—a sexual assault victim—to proceed anonymously after concluding that her "fear of increased embarrassment, humiliation, and emotional distress should her friends and business associates learn of the[] events is well-founded." 202 F.R.D. 173, 176 (E.D. Pa. 2001). Similarly, in *Doe v. Rutgers*, the court allowed the plaintiff—a sexual assault victim—to proceed anonymously because she had "a particularized and well-founded concern that she will experience severe emotional distress and mental anguish if her name is revealed publicly." 2019 WL 1967021, at *3.

The Court is satisfied that these circumstances mirror those presented in *Evans* and *Rutgers*. K.B., who has a history of mental illness, articulates a well-founded fear that disclosure of her identity would "once again . . . traumatize[]" her.[1] Mot. 2. Accordingly, this factor supports K.B.'s request.

### iii. Magnitude of Public Interest in K.B.'s Confidentiality (Factor 3)

This factor weighs in favor of K.B.'s request to proceed anonymously. The public undoubtedly has a weighty interest in knowing the identities of those who sue public entities like CWSD. *See, e.g.*, *Cnty. of Lehigh*, 2020 WL 7319544, at *6; *Doe v. Old Forge Borough*, No. 3:12-cv-2236, 2015 WL 4079362, at *16 (M.D. Pa. July 1, 2015) ("In making this an issue of

---

[1] The Court also recognizes that K.B. was a minor middle school student when the alleged sexual assaults occurred. This bolsters K.B.'s request for anonymity. *See Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-cv-2801, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017) ("The fact that Doe was a minor at all times material to the allegations of the complaint is at the forefront of the Court's analysis.").

4

public entity liability, Plaintiff has made her case an issue of substantial public interest, more so than had she only sued the individual actors."). But equally weighty, if not more so, is the interest in protecting the identities of sexual assault victims so that *other* victims are not disincentivized to vindicate their rights. *See, e.g.*, *Evans*, 202 F.R.D. at 176 ("[T]he public has an interest in protecting the identities of sexual assault victims so that other victims will feel more comfortable suing to vindicate their rights[] . . . ."); *Rutgers*, 2019 WL 1967021, at *3 ("There is a recognized public interest in ensuring that victims of sexual assault can vindicate their claims and that the fear of public humiliation does not discourage these plaintiffs." (citations omitted)). The Court is also mindful of K.B.'s history of mental health struggles. *See* Mot. 1–2. "There is an analogous public interest in protecting the identities of plaintiffs who suffer from mental illness." *Rutgers*, 2019 WL 1967021, at *3 (citations omitted); *see also Provident Life*, 176 F.R.D. at 468 ("A ruling by this Court, denying plaintiff the use of a pseudonym, may deter other people who are suffering from mental illnesses from suing in order to vindicate their rights[] . . . ."). In sum, then, this factor supports K.B.'s request.

    iv.  **Fact-Dependent Nature of K.B.'s Case (Factor 4)**

This factor weighs against K.B.'s request to proceed anonymously. "When a case raises questions that are purely legal there is an atypically weak public interest in the identity of the litigants." *Rider Univ.*, 2018 WL 3756950, at *6 (citation omitted). This is not such a case. Rather, K.B.'s claims are particularly fact-dependent, raising questions concerning the conduct of K.B.'s alleged attacker and CWSD's response thereto. *See, e.g.*, *id.*; *Cnty. of Lehigh*, 2020 WL 7319544, at *4. Accordingly, this factor weighs against K.B.'s request.

    v.  **Whether K.B. Would Litigate Without Pseudonymity (Factor 5)**

This factor is, at best, equivocal. "Where a plaintiff would be wholly dissuaded from

5

maintaining an action if required to proceed under his or her true name, this factor may weigh in favor of granting a request to proceed anonymously." *Cnty. of Lehigh*, 2020 WL 7319544, at *6 (citing *Megless*, 654 F.3d at 410). Here, there is no indication whether or not K.B. would proceed with this action under her full name. Accordingly, this factor weighs neutrally, favoring neither anonymity nor disclosure. *See, e.g.*, *id.* But see *Evans*, 202 F.R.D. at 176 n.8 ("The fifth factor weighs against plaintiff because she has not suggested that she would drop the case were we to deny her request.").

### vi. Illegitimate Ulterior Motives for Request (Factor 6)

This factor weighs in favor of K.B.'s request to proceed anonymously. Courts must consider "whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Megless*, 654 F.3d at 409 (internal quotation marks and citation omitted). There is no reason to believe that K.B. has illegitimate ulterior motives. CWSD certainly does not suggest as much. *See* Opp'n 16 ("Plaintiff's motives appear legitimate . . . ."). Accordingly, this factor supports K.B.'s request.

### vii. Universal Level of Public Interest (Factor 7)

This factor weighs against K.B.'s request to proceed anonymously. To be sure, "the universal interest in favor of open judicial proceedings" is a weighty "thumb on the scale." *Megless*, 654 F.3d at 411; *see also Rider Univ.*, 2018 WL 3756950, at *7 ("The public generally has a high level of interest in knowing litigants' identities." (citation omitted)). "Absent extraordinary circumstances, courts weigh this factor heavily against a plaintiff's request to proceed anonymously." *Cnty. of Lehigh*, 2020 WL 7319544, at *5 (citations omitted). Accordingly, while this factor weighs against K.B.'s request, the Court is cognizant of the risk that K.B. "would once again be traumatized" by the disclosure of her identity and the concomitant

"knowledge that the[se] sensitive and private matters . . . would be made public and be part of a permanent public record that would follow her forever." Mot. 2; *see Evans*, 202 F.R.D. at 176 (finding that "plaintiff's privacy interest, in this instance, outweighs the public's need to know her identity").

### viii. Whether Public Interest is Heightened (Factor 8)

This factor weighs in favor of K.B.'s request to proceed anonymously. "Where a plaintiff is a public figure, the public interest in knowing their identity is heightened." *Cnty. of Lehigh*, 2020 WL 7319544, at *3 (citing *Provident Life*, 176 F.R.D. at 467–68). K.B. is not a public figure. And the "subject matter of this litigation is unfortunately common," so the Court "finds that there is no reason that the public interest is heightened beyond its typically strong interest in public proceedings." *Rider Univ.*, 2018 WL 3756950, at *7. Accordingly, this factor supports K.B.'s request.

### ix. Illegitimate Motivations for Opposition (Factor 9)

This factor weighs against K.B.'s request to proceed anonymously. "Where a defendant's opposition to a plaintiff's request to proceed anonymously is motivated by an illegitimate purpose or ulterior motive, the scale tips towards granting the plaintiff's motion." *Cnty. of Lehigh*, 2020 WL 7319544, at *5 (citing *Rider Univ.*, 2018 WL 3756950, at *8). There is no indication here that CWSD's opposition is illegitimately motivated. Rather, CWSD's opposition is well-briefed and fairly portrays the *Megless* factors. K.B. also does not suggest anywhere in her briefing that CWSD is illegitimately motivated. Accordingly, this factor weighs against K.B.'s request.

### III. CONCLUSION

After balancing the *Megless* factors, the Court finds that "[a]llowing Plaintiff to proceed as [K.B.] while preserving the public's right to access the docket and proceedings in this case strikes

"knowledge that the[se] sensitive and private matters . . . would be made public and be part of a permanent public record that would follow her forever." Mot. 2; *see Evans*, 202 F.R.D. at 176 (finding that "plaintiff's privacy interest, in this instance, outweighs the public's need to know her identity").

### viii. Whether Public Interest is Heightened (Factor 8)

This factor weighs in favor of K.B.'s request to proceed anonymously. "Where a plaintiff is a public figure, the public interest in knowing their identity is heightened." *Cnty. of Lehigh*, 2020 WL 7319544, at *3 (citing *Provident Life*, 176 F.R.D. at 467–68). K.B. is not a public figure. And the "subject matter of this litigation is unfortunately common," so the Court "finds that there is no reason that the public interest is heightened beyond its typically strong interest in public proceedings." *Rider Univ.*, 2018 WL 3756950, at *7. Accordingly, this factor supports K.B.'s request.

### ix. Illegitimate Motivations for Opposition (Factor 9)

This factor weighs against K.B.'s request to proceed anonymously. "Where a defendant's opposition to a plaintiff's request to proceed anonymously is motivated by an illegitimate purpose or ulterior motive, the scale tips towards granting the plaintiff's motion." *Cnty. of Lehigh*, 2020 WL 7319544, at *5 (citing *Rider Univ.*, 2018 WL 3756950, at *8). There is no indication here that CWSD's opposition is illegitimately motivated. Rather, CWSD's opposition is well-briefed and fairly portrays the *Megless* factors. K.B. also does not suggest anywhere in her briefing that CWSD is illegitimately motivated. Accordingly, this factor weighs against K.B.'s request.

### III. CONCLUSION

After balancing the *Megless* factors, the Court finds that "[a]llowing Plaintiff to proceed as [K.B.] while preserving the public's right to access the docket and proceedings in this case strikes

the appropriate balance between these competing interests." *Rutgers*, 2019 WL 1967021, at *4 (citation omitted).

<pre>                        BY THE COURT:


                        /s/ John M. Gallagher
                        JOHN M. GALLAGHER
                        United States District Court Judge</pre>